UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 17-0409 SI |
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| VEARL JONES, | |
| Defendant. | |

Defendant Vearl Jones has been charged in an indictment with a violation of Title 18, United States Code, Section 922(g)(1), possession of a firearm by a felon. The defendant made an initial appearance on August 11, 2017, at which time the government moved for detention. The detention hearing was set for Monday August 21, 2017. At the hearing on August 21, 2017, pretrial services recommended drug treatment; the government recommended detention and the matter was continued until August 28, 2017, so that the government and pretrial services could obtain more information regarding the defendant's criminal history and the defendant could be evaluated for residential treatment. On August 28, 2017, the matter came before the Court for a further detention hearing. The defendant was present and represented by Daniel Blank, Assistant Federal Defender.

Pretrial Services submitted an amended report that recommended residential drug treatment, although the report noted its concern that, among other risk factors, the defendant may have a propensity for illegally carrying firearms and acknowledged that he poses a serious risk of danger to the community. Another representative of Pretrial Services was present at the hearing. The government moved for detention, and the defendant opposed. Additionally, proffers and arguments regarding detention were submitted by the parties at the hearing. When questioned at the hearing, the Pretrial Services supervisor present acknowledged the serious risk to the community even with the proposed conditions.

The Court considered the defendant's criminal history. Specifically, the Court considered the defendant's September 2009 felony conviction for robbery and the defendant's June 2016 conviction for being an accessory after the fact to several charges of attempted murder. The accessory conviction was based on the defendant being the driver in a March 2014 shooting. The defendant, driving a silver Volkswagon VW, drove to Turk and Taylor Streets in San Francisco and stopped at the corner. The shooter got out of the front passenger side of the car and shot at a crowded street corner, hitting seven people. The shooter then got back into the car and was driven to safety by the defendant. The Court reviewed video from the shooting prior to the detention hearing. The Court also considered that on July 10, 2014, the defendant was driving the same car he was driving during the shooting when he was stopped by police. There were four individuals in the car. Officers noticed that the back seat was loose. They lifted up the seat and found a loaded firearm. The Court also considered the defendant's June 2016 burglary conviction, which was based on a November 2015 arrest for stealing televisions from the lobby of a hotel and loading them into the same car used for the shooting. The Court did indicate that the television theft was less of a concern in terms of the possible danger the defendant posed to the community. Finally, the Court considered a June 2017 evading arrest where the defendant was driving the wrong way on a one way street, then parked his car. Officers approached him to discuss his traffic violations and the defendant got back in his car. One officer grabbed the defendant by the shirt in an attempt to prevent him from leaving, however let go once he realized the defendant was going to drive away, which could potentially injure the officer.

Upon consideration of these facts, the proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. While his longstanding serious drug addiction could benefit from treatment, the Court does not believe that he is likely to stay at the residential center and complete treatment and be law abiding. He poses too high a risk of absconding from the center and endangering public safety again, which cannot be reasonably mitigated by any release conditions. Accordingly, the defendant is ordered detained pending trial.

This order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on

the record, the Court makes the following findings as a basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant Vearl Jones be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: August 28, 2017

HON. ELIZABETH D. LAPORTE
United States Magistrate Judge

DETENTION ORDER
Case No. CR 17-0409 SI                    3